UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARASH SHAFIHIE,<br>CDCR #BU-5269,<br><br>                                   Plaintiff,<br><br>v.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT; CITY OF SAN DIEGO; AUGUST MANSHEIM, Sheriff Deputy; MIGUEL ESPINOZA, Sheriff Deputy; and RYAN HABERZETTLE, Sheriff Deputy,<br><br>                                   Defendants. | Case No.: 23-CV-1184 TWR (BLM)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A; (3) DISMISSING DEFENDANTS SAN DIEGO SHERIFF'S DEPARTMENT AND CITY OF SAN DIEGO; AND (4) GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**<br><br>(ECF Nos. 1, 2) |

Presently before the Court is Plaintiff Arash Shafihie's Complaint, (ECF No. 1, "Compl."), and Motion for Leave to Proceed *In Forma Pauperis* ("IFP"), (ECF No. 2, "IFP Mot."). Plaintiff is a pro se litigant who is currently housed at the California Health Care Facility ("CHCF") in Stockton, California. (*See generally* Compl.) Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, alleges that Diego County Sheriff's Deputies Mansheim, Espinoza, and Haberzettle utilized excessive force in violation of Plaintiff's

constitutional rights while Plaintiff was held in custody at the George Bailey Detention Facility ("GBDF"). (*See id.* at 3.) For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, **DISMISSES IN PART** the Complaint **WITHOUT PREJUDICE**, and **GRANTS** Plaintiff forty-five (45) days leave to amend the Complaint or file a Notice of Intent to Proceed with the remaining claims.

## I.  Motion to Proceed IFP Pursuant to 28 U.S.C. § 1915(a)

### A.  Legal Standard

Any party instituting a civil action, suit, or proceeding in a United States district court, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Still, the Prison Litigation Reform Act ("PLRA") requires prisoners who are granted leave to proceed IFP to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), regardless of whether their action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires individuals seeking leave to proceed IFP to file an affidavit which includes a statement of assets and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The affidavit must allege poverty with some particularity and demonstrate that paying court costs will render the plaintiff unable to afford the "necessities of life," though it need not demonstrate that plaintiff is destitute. *Id*. In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *See id*.

§ 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Utilizing this certified trust account statement, the court then assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects all subsequent payments, assessed at 20% of the preceding month's income, in any month in which the balance in the account exceeds $10, and forwards those payments to the court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

### B. *Plaintiff's Motion to Proceed IFP*

Upon filing his Complaint, Plaintiff did not pay the $402 civil and administrative filing fees required by 28 U.S.C. § 1914(a) to commence a civil action. (*See generally* Docket.) Instead, Plaintiff filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). (*See generally* IFP Mot.) In support of his IFP Motion, Plaintiff submitted a copy of his California Department of Corrections and Rehabilitation Inmate Trust Account Statement Report as well as a Prison Certificate completed by an accounting officer at CHCF. (*See id*. at 6–8); *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2; *Andrews*, 398 F.3d at 1119. Plaintiff's Trust Account Statement Report shows that he maintained an average monthly balance of $124.68 and had average monthly deposits of $67.99 credited to his account over the 6-month period immediately preceding the filing of this Complaint. (*See* IFP Mot. at 4–6.) At the time Plaintiff filed his Complaint, his account balance was $0.18. (*See id*. at 8.)

Based on the foregoing financial information, the Court concludes that paying court costs would render Plaintiff unable to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, assesses an initial partial filing fee of $24.94

/ / /

/ / /

/ / /

pursuant to 28 U.S.C. § 1915(b)(1),[2] and **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation, or the designated agency having custody of Plaintiff, to collect the remaining balance of the $350 total fee required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A

### A. Legal Standard

District courts must conduct a preliminary screening of all complaints filed by plaintiffs granted leave to proceed IFP, *see* 28 U.S.C. § 1915(e)(2), and plaintiffs who are prisoners seeking redress from a government entity, or officer or employee of a governmental entity, *see* 28 U.S.C. § 1915A. Under these statutes, the Court must review and *sua sponte* dismiss any complaint or portion thereof that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

---

[2] The initial partial filing fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP action based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."); *Bruce*, 577 U.S. at 86.

1108, 1112 (9th Cir. 2012).  The same standard applies for screening under § 1915A.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" will not suffice. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  And while the court "ha[s] an obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's 42 U.S.C. § 1983 Claims

Because Plaintiff is a prisoner who is proceeding IFP and seeking redress from government entities and employees, his Complaint requires preliminary screening under both 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Here, Plaintiff's claims arise under 42 U.S.C. § 1983. (*See* Compl. at 1.)  "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal

quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff alleges that his right to be free from cruel and unusual punishment was violated through the use of excessive force. (*See* Compl. at 3.) Because Plaintiff appears to have been a pretrial detainee at the time of the events at issue in this case, the Court assumes, for purposes of initial screening only, that Plaintiff's cruel and unusual punishment claim arises under the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989))). To state a claim for excessive force under the Fourteenth Amendment, a Plaintiff must allege facts sufficient to support a finding that the force used was "objectively unreasonable." *See id.* at 397; *see also Hyde v. City of Willcox*, 23 F.4th 863, 870 (9th Cir. 2022). As for Defendants Mansheim, Espinoza, and Haberzettle, Plaintiff has alleged facts sufficient to support a finding that the force used was objectively unreasonable; however, Plaintiff fails to state a claim against the San Diego Sheriff's Department and the City of San Diego.

    1.    *Claims Against Mansheim, Espinoza, and Haberzettle*

According to the Complaint, on June 27, 2022, Plaintiff complained "about the lack of air flow in [his] module" due to a broken air conditioning unit at GBDF. (*See* Compl. at 3.) In response, San Diego Sheriff's Department Deputies Mansheim and Haberzettle told Plaintiff that they would take him to the prison yard "for fresh air." (*Id.*) Instead, they escorted him to the "vestibule" and "told [him] to stand in the surveillance camera's blind-spot," where he was "severely assaulted, beaten, and tazed [*sic*]." (*Id.*) Defendant Espinoza allegedly arrived while this assault was taking place and "partook in the assault" alongside Mansheim and Haberzettle. (*Id.*)

As a result of the Sheriff's Deputies' actions, Plaintiff suffered taser burns, "concussions to the head, and body and lower back," and a chipped tooth. (*See id.*) Plaintiff therefore seeks injunctive relief, along with $1,000,000 in compensatory damages and $4,000,000 in punitive damages. (*See id.* at 7.)

Because Plaintiff appears to have been a pretrial detainee at GBDF at the time the Sheriff's Deputies injured him, the Court finds that Plaintiff's allegations are sufficient to satisfy 42 U.S.C. § 1983's "under color of state law" requirement. *See Shah v. Cnty. of Los Angeles,* 797 F.2d 743, 746 (9th Cir. 1986) (pretrial detainee in county jail "need not show that the deputies acted specifically within the scope of their authority to prove that they acted under color of law."). Moreover, taking the facts alleged in the Complaint as true, the Court finds that Plaintiff's excessive force claims against Defendants Mansheim, Haberzettle, and Espinoza are sufficient to survive the "low threshold" for *sua sponte* screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. Thus, as against Defendants Mansheim, Haberzettle, and Espinoza, Plaintiff's Complaint is "sufficient to warrant . . . an answer." *Wilhelm*, 680 F.3d at 1123; *see also Iqbal*, 556 U.S. at 678.

      2.    *Claims Against San Diego Sheriff's Department and City of San Diego*

Although the San Diego Sheriff's Department and City of San Diego may be sued under 42 U.S.C. § 1983, *see Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), the Court finds that Plaintiff has not adequately stated a claim for relief against them. "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). Accordingly, to state a claim against a government entity, a plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the defendant had a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and
///

(3) that policy, custom, or practice was the moving force behind the constitutional violation. *See id.*

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. For instance, if an employee who violated a constitutional right was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker," the local government may be held liable under 42 U.S.C. § 1983. *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694). Alternatively, a government entity may be held liable if it fails to adequately train staff and "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

Here, Plaintiff does not allege that Defendants Mansheim, Haberzettle, or Espinoza were acting pursuant to the City or Sheriff's Department's policy, custom, or practice when they committed the assault at issue. (*See generally* Compl.) Moreover, Plaintiff does not allege that the assault occurred as a result of the City or Sheriff's Department's failure to train their Deputies in the face of an obvious need. (*See generally id.*) Rather, Plaintiff merely states that the Sheriff's Department "allow[ed] employees the cover of law to break and violate the law illegally" and that the City "fund[ed] the San Diego Sheriff's Department [and allowed] the cover of the law and authority to illegally violate [Plaintiff's] rights." (*See id.* at 2.)

Although Plaintiff has sufficiently alleged that Sheriff's Department employees Mansheim, Haberzettle, and Espinoza violated his constitutional rights, "proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents" will not give rise to municipal liability under 42 U.S.C. § 1983. *Grant v. County of Los*

*Angeles*, 772 F.3d 608, 618 (9th Cir. 1996); *see also Monell*, 436 U.S. at 691 (finding that a custom or unwritten policy of unconstitutional activity must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice). Rather, liability "must be founded upon practices of sufficient duration, frequency and consistency [such] that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citations omitted). Moreover, Plaintiff must do more than simply identify the existence of an unconstitutional policy, custom, or practice and the subject matter it addresses; he must identify the "specific nature" of the policy, custom, or practice at issue. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Because Plaintiff's Complaint has failed to state a claim upon which relief may be granted, the Court **DISMISSES WITHOUT PREJUDICE** the 42 U.S.C. § 1983 claims against the City of San Diego and the San Diego Sheriff's Department.

C.   **Leave to Amend**

Although Plaintiff has failed to state a claim against the City of San Diego and the San Diego Sheriff's Department, the Court **GRANTS** Plaintiff leave to amend. *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))). If Plaintiff wishes to proceed with his 42 U.S.C. § 1983 claims against the City and Sheriff's Department, he must set forth factual allegations which identify the "specific nature" of the customs, policies, or practices used by these Defendants, *see id.*, and he must plausibly allege a "direct causal link between [the Defendants'] municipal policy or custom and the alleged constitutional deprivation," *Collins v. Cnty. of Harker Heights*, 503 U.S. 115, 123 (1992) (quoting *City of Canton*, 489 U.S. at 385).

/ / /

/ / /

/ / /

## III. Conclusion

In light of the foregoing, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2);

(2) **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation, or their designee, to collect from Plaintiff's trust account the $24.94 initial filing fee—if those funds are available at the time this Order is executed—and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). All payments must be clearly identified with the name and number assigned to this action;

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001, or in the alternative by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

(4) **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against the City of San Diego and the San Diego Sheriff's Department for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); and

(5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) file a Notice of Intent to Proceed with his claims as against Defendants August Mansheim, Miguel Espinoza, and Ryan Haberzettle only; or (2) file an Amended Complaint correcting the deficiencies identified by the Court in this Order. *If Plaintiff fails to file a Notice or Amended Complaint within the time provided, this action will proceed as to Defendants Mansheim, Espinoza, and Haberzettle only.*

If Plaintiff chooses to proceed with his claims against only Defendants August Mansheim, Miguel Espinoza, and Ryan Haberzettle, the Court will issue an Order directing the U.S. Marshal to effect service of the Complaint on those Defendants and will dismiss Defendants City of San Diego and the San Diego Sheriff's Department.

If Plaintiff chooses to file an Amended Complaint correcting the deficiencies outlined in this Order, it must be complete in itself without reference to his original Complaint. Any individuals or entities not named in the Amended Complaint will not be considered Defendants and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If an Amended Complaint is filed, it must be titled "First Amended Complaint," contain the Southern District of California's Civil Case Number 23-CV-1184 TWR (BLM) in its caption, and comply with Federal Rule of Civil Procedure 8 and Southern District of California Civil Local Rule 8.2.a.

In order to help Plaintiff comply with these requirements should he choose to amend, the Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

Dated: July 21, 2023

_____
Honorable Todd W. Robinson
United States District Judge