# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARASH SHAFIHIE,<br>CDCR #BU-5269,<br><br>                                    Plaintiff,<br><br>                vs.<br><br>SAN DIEGO SHERIFF'S<br>DEPARTMENT; CITY OF SAN DIEGO;<br>AUGUST MANSHEIM, Sheriff Deputy;<br>MIGUEL ESPINOZA, Sheriff Deputy;<br>and RYAN HABERZETTLE, Sheriff<br>Deputy,<br><br>                                    Defendants. | Case No.:  23-CV-1184 TWR (BLM)<br><br>**ORDER (1) SCREENING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A; (2) DISMISSING DEFENDANTS SAN DIEGO SHERIFF'S DEPARTMENT AND CITY OF SAN DIEGO; AND (3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON REMAINING DEFENDANTS**<br><br>(ECF No. 5) |

Presently before the Court is Plaintiff Arash Shafihie's First Amended Complaint, (ECF No. 5, "FAC"), which the Court must screen pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  For the reasons set forth below, the Court **DISMISSES** Plaintiff's claims against the San Diego Sheriff's Department and City of San Diego and **DIRECTS** the U.S. Marshal to effect service upon Defendants Mansheim, Espinoza, and Haberzettle.

## I.    Procedural History

Plaintiff is a pro se litigant who is currently housed at the California Health Care Facility ("CHCF") in Stockton, California.  (*See generally* FAC.)  On June 20, 2023, Plaintiff initiated the instant civil rights action pursuant to 42 U.S.C. § 1983.  (*See* ECF

No. 1, "Compl.")  Plaintiff's initial Complaint alleged that on June 27, 2022,  San Diego County Sheriff's Department Deputies Mansheim, Espinoza, and Haberzettle utilized excessive force in violation of Plaintiff's constitutional rights while Plaintiff was held in custody at the George Bailey Detention Facility ("GBDF").  (*See id.* at 3.)  In addition to the Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (*See* ECF No. 2.)

On July 21, 2023, the Court issued an Order granting Plaintiff's Motion to Proceed IFP and *sua sponte* screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.  (*See* ECF No. 3.)  The Court found that while Plaintiff's Complaint alleged facts sufficient to state a Fourteenth Amendment claim for excessive force against Defendants Mansheim, Espinoza, and Haberzettle, it failed to state a claim against the San Diego Sheriff's Department and City of San Diego.  (*See id.* at 7, 9.)

Plaintiff was then granted forty-five (45) days leave from the date of the July 21, 2023 Order in which to either: (1) file a Notice of Intent to Proceed with his Fourteenth Amendment claim against Defendants August Mansheim, Miguel Espinoza, and Ryan Haberzettle only; or (2) file an Amended Complaint correcting the pleading deficiencies identified by the Court in the Order.  (*See id.* at 10.)  Plaintiff chose the latter option and timely filed a First Amended Complaint on July 31, 2023.  (*See* FAC.)

## II.    Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A

### A.    *Legal Standard*

As the Court previously explained in its July 21, 2023 Order, district courts must conduct preliminary screenings of all complaints filed by plaintiffs who are granted leave to proceed IFP, *see* 28 U.S.C. § 1915(e)(2), and all plaintiffs who are prisoners seeking redress from a government entity, or officer or employee of a governmental entity, *see* 28 U.S.C. § 1915A.  Under these statutes, the Court must review and *sua sponte* dismiss any complaint or portion thereof that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc))

2

(discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  The same standard applies for screening under § 1915A.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" will not suffice.  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  And while the court "ha[s] an obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /

**B.      Plaintiff's 42 U.S.C. § 1983 Claims**

Because Plaintiff is a prisoner who is proceeding IFP and seeking redress from government entities and employees, his First Amended Complaint requires preliminary screening under both 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Here, Plaintiff's claims arise under 42 U.S.C. § 1983.  (*See* FAC at 1.)  "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff alleges that his right to be free from cruel and unusual punishment was violated through the use of excessive force.  (*See* FAC at 3.)  Specifically, Plaintiff alleges that on June 27, 2022, while housed at GBDF, Plaintiff "complain[ed] about the lack of air in [his] module" due to a "broken air-conditioning unit."  (FAC at 3.)  Plaintiff alleges that he was then "taken to an isolated area and was severely assaulted, beaten, and tazed" by Defendants Mansheim, Haberzettle, and Espinoza.  (*Id.*)  As a result of this alleged assault, Plaintiff "suffered [approximately] 20 concussions to the head, body, and lower back."  (*Id.*)  Plaintiff claims that the San Diego Sheriff's Department and the City of San Diego had a "custom, policy, and practice" of allowing the aforementioned employees "to use excessive force to assault [Plaintiff] and violate [Plaintiff's] constitutional rights."  (*Id.*)  Plaintiff further alleges that it was "Sheriff leadership [who] sent said individuals" in order "to assault and threaten" Plaintiff and that Defendant Mansheim said, "it was San Diego Sheriff policy to use excessive force 'hundreds of times.'"  (*Id.*)  As a result of the foregoing allegations, Plaintiff seeks injunctive relief,

4

$2,000,000 in compensatory damages, and $50,000,000 in punitive damages.  (*See id.* at 7.)

### 1.    *Claims Against Mansheim, Espinoza, and Haberzettle*

As an initial matter, because Plaintiff appears to have been a pretrial detainee at GBDF at the time he was allegedly injured by the San Diego County Sheriff's Department Deputies assigned to his housing unit,[1] the Court finds that Plaintiff's allegations are sufficient to satisfy 42 U.S.C. § 1983's "under color of state law" requirement.  *See Shah v. Cnty. of Los Angeles,* 797 F.2d 743, 746 (9th Cir. 1986) (pretrial detainee in county jail "need not show that the deputies acted specifically within the scope of their authority to prove that they acted under color of law.").  Moreover, taking the factual allegations in the First Amended Complaint as true, the Court finds that Plaintiff's excessive force claims against Defendants Mansheim, Haberzettle, and Espinoza are sufficient to survive the "low threshold" for *sua sponte* screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.  Thus, as against Defendants Mansheim, Haberzettle, and Espinoza, Plaintiff's Complaint is "sufficient to warrant . . . an answer." *Wilhelm*, 680 F.3d at 1123; *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (Due Process Clause of the Fourteenth Amendment prevents punishment of a pretrial detainee prior to an adjudication of guilt); *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)).

/ / /

---

[1]    Because Plaintiff was housed at GBDF and was not in the custody of the CDCR at the time of the incident, (*see* FAC at 3), the Court presumes, for purposes of initial screening only, that Plaintiff was a pretrial detainee at the time of the incident and that his "freedom from cruel and unusual punishment" claims against Defendants arise under the Due Process Clause of the Fourteenth Amendment, *see Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989))).  Under *Kingsley*, a pretrial detainee, unlike a convicted prisoner, need not prove that the defendant subjectively knew that the force applied was excessive; the state-of-mind inquiry is "solely . . . objective."  *Id.* at 397; *see also Hyde v. City of Willcox*, 23 F.4th 863, 870 (9th Cir. 2022).

2.    *Claims Against San Diego Sheriff's Department and City of San Diego*

As the Court explained in its July 21, 2023 Order, government entities such as the San Diego Sheriff's Department and City of San Diego may be sued under 42 U.S.C. § 1983.[2]  (*See* ECF No. 3 at 7 (citing *Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).)  Still, the Court finds that Plaintiff's First Amended Complaint fails to state a claim for relief against these Defendants.

To state a claim against the City of San Diego or the San Diego Sheriff's Department, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the City and/or County has a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation.  *See Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  *Monell*, 436 U.S. at 694.  Instead, a local government may be sued when an employee who committed a constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker."  *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694).

A plaintiff can show the existence of an entity's policy in one of three ways.  *See Thomas*, 763 F.3d at 1170.  First, an entity may be held liable when it acts "pursuant to an expressly adopted policy."  *Id.* (citing *Monell*, 436 U.S. at 694).  Second, an entity may be held liable for a "longstanding practice or custom."  *Id.*  Such circumstances may arise when, for instance, the entity "fail[s] to implement procedural safeguards to prevent

---

[2]     The San Diego County Sheriff's Department and its subdivisions are managed by and/or are departments of the County of San Diego and are therefore subject to suit as "persons" under § 1983. *See Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023).

constitutional violations" or when it fails to adequately train its employees.  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)).  Third, an entity may be held liable when "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."  *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).

"[P]roof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents," will not give rise to liability under Section 1983.  *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (citation omitted).  Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Moreover, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  *Collins v. City of Harker Heights*, 503 U.S. 115, 123 (1992).  In sum, Plaintiff Shafihie must allege facts sufficient to establish that his constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the City and/or County, or a "final decision maker" for the City and/or County.  *See Monell*, 436 U.S. at 690; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that to impose liability on a local government under § 1983 the plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury); *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 845 (9th Cir. 2016).

First, Plaintiff attempts to state a Section 1983 claim against the San Diego Sheriff's Department and City of San Diego by alleging that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *See Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).  Plaintiff does this by alleging that after the incident with Mansheim, Espinoza, and Haberzettle, the "Sheriff leadership" sent these same individuals back to Plaintiff to "assault and threaten" him. (*See* FAC at 3.)  Yet, the First Amended Complaint contains no information about who these leadership figures were or what happened during the alleged second encounter with the

Deputies.   As a result, the Court concludes that Plaintiff's vague assertion about the involvement of "Sheriff leadership" falls short of pleading a viable *Monell* liability claim. *See Iqbal*, 556 U.S. at 678; *Hernandez*, 666 F.3d at 636–37 (applying *Iqbal* pleading standards to *Monell* claims).

Next, Plaintiff alleges the San Diego Sheriff's Department and City of San Diego had a "custom, policy,  and practice of allowing [their] employees" to "use excessive force to assault [Plaintiff] and violate [his] constitutional rights."  (FAC at 3; *see also id.* at 2.) Plaintiff's further alleges that there is "testimony from August Mansheim that it was San Diego Sheriff policy to use excessive force 'hundreds of times.'"  (*See* FAC at 3.) Plaintiff's allegation that excessive force was allegedly used hundreds of times is perhaps sufficient to establish that certain behavior "persistent and widespread" enough to constitute a "permanent and well settled" practice, as required under *Monell. See Monell*, 436 U.S. at 691.

Yet, Plaintiff does not sufficiently describe the custom, policy, or practice at issue. To survive screening, Plaintiff must do more than simply allege that Defendants "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" experienced by Plaintiff.  *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). "[A]dditional facts regarding the specific nature of [the] alleged policy, custom, or practice" are required; merely stating the subject to which the policy relates—here, excessive force—is insufficient.  *See id*.  Here, the First Amended Complaint fails to provide the requisite specificity about the substance of the policy, custom, or practice at issue.

Similarly, Plaintiff's allegation that the City "failed to adequately train staff resulting in the violation of constitutional rights" is insufficient. (*See id.* at 2.)  A government entity may be sued for a failure to train staff if "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (quoting

*City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).  Plaintiff's conclusory allegation that the City failed to train staff does not sufficiently state a claim that the need for training was obvious and the inadequacy of training likely to result in a constitutional violation.

Furthermore, Plaintiff has not adequately alleged facts demonstrating that the constitutional deprivation he experienced was the result of a custom or practice of the City and/or County of San Diego.  *See Dougherty*, 654 F.3d at 900–01.  To sufficiently state a *Monell* claim, a plaintiff must show that the government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell*, 436 U.S. at 694–95)); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) ("[A] plaintiff . . . must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) ("To meet this requirement, the plaintiff must show both causation-in-fact and proximate causation.").  "This inquiry has been described as a difficult one."  *See Koistra v. Cnty. of San Diego*, 310 F. Supp. 3d 1066, 1086 (S.D. Cal. 2018) (citing *City of Canton*, 489 U.S. at 385–86).

Here, Plaintiff has failed to plead sufficient facts to support an allegation that there was "a 'direct causal link' between [Defendants'] policy or custom and the alleged constitutional violation."  *See Anakin v. Contra Costa Reg'l Med. Ctr.*, No. 16-cv-00161-MEJ, 2016 WL 1059428, at *3 (N.D. Cal. Mar. 17, 2016) (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. at 404) ("Plaintiff has not identified or alleged a policy, practice or custom that may have caused a deprivation of his rights, and he fails to allege that such practice was the 'moving force' behind his alleged injury"); *see also Dougherty*, 654 F.3d at 900–01 ("The Complaint lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that [plaintiff's] constitutional deprivation was the result of a custom or practice of the City of Covina or that the custom or practice was the 'moving force' behind his constitutional deprivation.").

/ / /

Because the First Amended Complaint fails to sufficiently describe the custom, policy, or practice at issue and fails to sufficiently allege the causation required for a *Monell* claim, the Court **DISMISSES** Plaintiff's Section 1983 claim against the San Diego Sheriff's Department and the City of San Diego for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**III.    Conclusion**

In light of the foregoing, the Court:

(1)    **DISMISSES** the claims against the San Diego Sheriff's Department and the City of San Diego for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Clerk of Court is directed to terminate these Defendants from the docket.

(2)    **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 5) upon Defendants Mansheim, Espinoza, and Haberzettle and to forward it to Plaintiff along with three (3) blank U.S. Marshal Form 285s.  In addition, the Clerk will provide Plaintiff with a copy of the July 21, 2023 IFP Order, certified copies of his First Amended Complaint, and the Summons so that he may serve Defendants.  Upon receipt of this "IFP Package," Plaintiff must complete the U.S. Marshal Form 285s as completely and accurately as possible, include an address where each Defendant may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return the Forms to the United States Marshal according to the instructions the Clerk provides.

(3)    **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's First Amended Complaint and Summons upon Defendants Mansheim, Espinoza, and Haberzettle at the addresses provided by Plaintiff on the U.S. Marshal Form 285s provided, and to file executed waivers of personal service upon Defendants with the Clerk of Court as soon as possible after their return.  Should any Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, including the date that the Summons, First Amended Complaint, and request for waiver was mailed

to each Defendant, and it must indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if a Defendant located within the United States fails without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

(4) **ORDERS** Defendants, once served, to reply to Plaintiff's First Amended Complaint, and any subsequent pleading he may file in this matter in which they are named as Defendants, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

(5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* Fed. R. Civ. P. 5(d); S.D. Cal. CivLR 5.2.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED.**

Dated:  September 14, 2023

Honorable Todd W. Robinson
United States District Judge

23-CV-1184 TWR (BLM)